

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 9, 1947

Hon.  C. H. Cavness,
State Auditor,
Austin, Texas

Dear Sir:

Opinion No. V-135

Re: Disposition to be made of
a trust fund bequeathed to
the State and now held by
the Treasurer in Suspense
Account.

Your letter of request for an opinion concerning the above subject matter presents a unique and interesting question indeed. It follows:

"In our audit of the accounts of the State Executive Department we find a deposit of $3,000.00 in 'Suspense', this having been placed in the State Treasury on December 22nd, 1936, and being part of a bequest under the will of one Miss Helen Gray. Attached hereto is a photostatic copy of the Suspense Account deposit voucher, and also a photostatic copy of Item 8 under the will of Miss Helen Gray.

"This item is now comparatively old and we shall greatly appreciate your opinion as to what disposition can be made of same. It is doing no one any good now and apparently nothing has been done about it since it was so deposited."

Photostatic copy of the remittance memorandum for deposits is as follows:

"LIST OF REMITTANCES FOR DEPOSIT

SUSPENSE ACCOUNT

STATE EXECUTIVE DEPARTMENT

Page _____

State Executive Department                Date Dec. 22, 1936.

"TO THE STATE TREASURY
AUSTIN, TEXAS

Find herewith items received by this Department, which are
transmitted to you for collection and deposit, to be held
in suspense account pending the issuance of deposit warrant
or other disposition, as provided in Senate Bill No. 48 of
the Fifth Called Session of the Forty-first Legislature.

| NAME AND ADDRESS | Form of Remittance | Claim or Reg. No. | Amount | Cleared on Rep. # |
|---|---|---|---|---|

State Treasury Check No. 94163, Trust Department, Trust Com-
pany of Georgia, Atlanta, Georgia, payable to the order of
the State of Texas, the State Treasurer of the State of Texas
and Governor James V. Allred, in the sum of Three Thousand
($3,000.00) Dollars.

Such amount of $3,000.00 is a bequest under Item Eight of
the Will of Helen Gray.

$3,000.00

STATE TREASURY DEPARTMENT

By  /s/ Neva McMurry
        Bond Clerk"

A photostatic copy of Item Eight of Miss Gray's will
is as follows:

"I will and bequeath to the State of Texas the sum of Three Thousand ($3,000.00) Dollars, in trust, nevertheless, subject to the following limitations, uses and trusts, to-wit:

"I will and direct that said State invest said sum until sufficient funds are obtained by said State to establish a school of economics and political science in Eastern Texas, and it is my earnest wish that the purpose of said School be to study with keen analysis, the economic and political interests of the State of Texas and other Southern States, and I wish that the thoughts and principles of Thomas Jefferson, George McDuffie and Matthew Maury be particularly studied at said school, and that a keen comparison between the character and principles of our great and noble President, Jefferson Davis and President Abraham Lincoln be made. The idea of the necessity of economic and political science associations throughout the South came to me when I was in Galveston, Texas, writing for the Atlanta Constitution Publishing Company.

"In the event that the State of Texas refuses or for any reason fails to receive this bequest, then I will and bequeath the same to the Mobile, Alabama Chapter of the United Daughters of the Confederacy, as a trust fund, the income to be used by said Chapter for some worthy purpose, to be determined by said Chapter.

"In the event that said bequest is refused both by the State of Texas and the Mobile Chapter of the United Daughters of the Confederacy, then, and in that event, I will and bequeath the same to the Atlanta Chapter of the United Daughters of the Confederacy as a trust fund, the income to be used for thework of said Chapter."

The State Treasurer undoubtedly was right in placing the proceeds of this item in the Suspense Account, whatever may be the proper ultimate disposition thereof.

The Treasurer is not authorized by law to accept the trust created by Miss Gray's will. He can not be the executor of such a trust, being in its nature the beneficience of

a private person rather than of a public or statutory source.

The item should have been returned to the sender in the orderly process of administration, but we are not advised whether such return is now practicable, seeing that the administration of Miss Gray's will may have been formally closed.

We think, however, an effort should be made to ascertain whether or not the administration has been closed. If the will was administered by an independent executor the executor may be contacted and the money returned to him.

Finally, if the fund may not be returnable, our thought is that the Treasurer should await the advice of the Legislature through a bill authorizing him to accept it, and to make disposition thereof as though the bequest was an outright bequest to the State for the benefit or purpose therein named, but free from the illegal imposition upon the Treasurer of the duty to act as executor of the trust.

## SUMMARY

The State Treasurer has no authority under the law to accept a bequest of $3,000.00 by Miss Helen Gray of a fund to invest until sufficient funds are obtained by the State to establish a school of Economics and Political Science in Eastern Texas. Such fund should be returned to the executor of the will, if practicable;otherwise, it should be held by the Treasurer subject to advice through the Legislature by bill, directing its appropriation and use for the general purpose of the testatrix.

Yours very truly,
ATTORNEY GENERAL OF TEXAS

By (Sgd.) Ocie Speer
Ocie Speer
Assistant

APPROVED APR 9 1947

OS:WB:el

(Sgd.) Price Daniel

ATTORNEY GENERAL OF TEXAS